## Harney, Appellant, *v.* Demoss.

The attorney of record cannot move against the sheriff, in his own name, to pay over money for general balances due him as attorney by the client.

ERROR to the circuit court of Hinds county.

Brown & Hawthorn obtained a judgment in July, 1837, against H. J. Childress, for 226 dollars and 47 cents and costs. A forthcoming bond was taken, and the money made by the sheriff, Demoss, the defendant in error.

In December, 1838, Thomas Harney, the attorney of record for the plaintiff below, moved the court for a rule against the sheriff to show cause, why the sheriff should not pay over said money to him, alleging that the plaintiffs in said suit owed him a large balance for services as attorney.

The motion was overruled by the court below, and Harney prayed for, and obtained an appeal to this court.

Anderson and Lea, for Harney, contended,

1. That this motion was properly made by the attorney of plaintiffs, on account of his general authority to attend to the case in all its bearings.

2. The attorney also had authority to make this motion on account of his interests in the moneys by virtue of his special lien for his fees in the case.

Dunlap, *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The plaintiff moved for a rule on the defendant as sheriff to show cause why he should not pay to the plaintiff, the attorney of record, the money collected under a *fieri facias*, in favor of Brown & Hawthorn *v.* Childress, alleging that he had large balances in his

[Harney, Appellant, *v.* Demoss.]

favor, as attorney, against the plaintiffs in execution. The motion was overruled by the court and the plaintiff has appealed.

If the motion had been made in the name of the plaintiffs in execution, their right to recover would have been clear. The sheriff would have been bound to pay over the money, and payment to the attorney would have been sufficient, and then his right to retain it might have been tested by different proceedings. This motion, however, was made by the plaintiff in his own name, and in that shape, he was not entitled to judgment, for general balances, due from his clients. He had a lien on the money for his fees in that particular case, but not for other unsettled debts.

But we must determine on the correctness of the decision below by the record before us, and taking that for our guide, no sufficient ground was laid for a judgment, even to the extent of the lien. The amount of indebtedness is not set out in the motion, nor was it proved; nor is the amount of fees due in that particular case stated in the motion or shown by other means. We must conclude, that the record presents a true history of the case as it occurred below, and we find nothing in it on which the court could have rendered judgment. Even if the court had the power to order the money paid over, it would have been improper to have done so without proof of the amount of plaintiff's claim.

Judgment affirmed.